STATE OF CONNECTICUT *vs.* MICHAEL McGOWAN.

Second Judicial District, Norwich, May Term, 1895. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN AND HAMERSLEY, Js.

Upon the trial of the defendant for murder in the second degree, the State
offered the testimony of the widow of the deceased as to the occur-
rences at the time of the shooting, and as to the belief of her husband
that he was about to die at the time he made the sworn statement to
a magistrate, which was subsequently admitted as a dying declaration.
In reply to questions on cross-examination, the witness stated that so
far as she knew her husband was sober on the day of the shooting, and
had not been drinking. She was then asked whether he was not an
habitual drinker, and if she had not so testified on the preliminary
hearing. These questions were objected to by the State and excluded
by the court. The witness had not been inquired of in her direct ex-
amination as to her husband's habits regarding drink, nor in regard to
his mental or physical condition at the time of the shooting. The
record did not expressly state the purpose for which these questions
were asked, the ground of the objection, or the reason of their exclu-
sion by the court. *Held* that the questions were not properly cross-
examination, and that it was within the discretion of the trial court
to require the defendant to present these matters, if material, in his
defense; whether for the purpose of showing the condition of the de-
ceased at the time he made his sworn statement, as now claimed, or
for the purpose of showing what degree of credit should be given it as
a dying declaration. If the questions were asked solely for the pur-
pose of testing the credibility of the witness, their allowance or disal-
lowance was within the discretion of the court.
A witness testified that he saw the accused and another man together
shortly after the shooting, and noticed one of them take a revolver
from his pocket, although he could not say which one. *Held* that
such evidence was relevant and admissible, in connection with the
other facts and circumstances in the case.

[Argued May 28th—decided June 22d, 1895.]

INDICTMENT for murder in the second degree, brought to
the Superior Court in New London County and tried to the
jury before *George W. Wheeler, J.;* verdict and judgment of
guilty of manslaughter, and appeal by the accused for al-
leged errors in the rulings of the court in admitting and
excluding evidence. *No error.*

The case is sufficiently stated in the opinion.

State *v.* McGowan.

*William H. Shields* and *Hadlai A. Hull*, for the appellant (the accused).

I. The question, excluded by the court, as to the deceased being an habitual drinker, went to the fact of his intoxication that day, and should have been admitted. 1 Greenl. Ev., § 446; 2 Swift's Dig., 794; *State* v. *Swift*, 57 Conn., 504; *Atwood* v. *Welton*, 7 id., 70.

II. The testimony of Main was inadmissible as irrelevant and uncertain. Irrelevant because it did not prove any fact, which taken by itself or in connection with other facts, would tend to prove or even render probable any fact necessary or proper to be proved, to establish the crime charged, nor any element of that crime. The possession by Donahue without the knowledge of the defendant was clearly inadmissible against the defendant. *State* v. *Stair*, 87 Mo., 268. And the testimony as to who had the revolver is so uncertain that the jury could not determine without guessing whether the defendant knew of its existence.

*Solomon Lucas*, State's Attorney, for the State.

I. The questions objected to upon cross-examination were properly excluded. At all events the matter was in the discretion of the court, and therefore no error can be predicated upon the court's ruling. *State* v. *Alford*, 31 Conn., 46; *Chapman* v. *Loomis*, 36 id., 460.

If the accused had desired to go into the subject-matter involved in any of the questions objected to, he could have offered evidence relative thereto, if proper, at the proper time.

II. The evidence of Main was properly admitted. The fact that Donahue was with McGowan at the time of the shooting appears by the record. It had appeared in evidence in the dying declarations of the deceased, received without objection, that at that time Donahue had a pistol. The evidence of Main was simply corroborative of that fact; one of the facts immediately connected with the homicide, and therefore proper to be shown.

III. The writing objected to was properly admitted. The objection made to its admission was "that it was not made

by the deceased when under a sense of impending death and when he had no hope of recovery." The court found that the statements made in the writing were made under a sense of impending death and when the deceased had no hope or expectation of recovery.

The correctness of this finding is not questioned. This being the only objection made to the admissibility of the writing, none other can be raised in this court.

If the accused desired to have the paper excluded upon the ground it contained statements not pertinent, he should have made that objection, that they could have been stricken out. *Moorehouse* v. *Northrup*, 33 Conn., 387 ; *State* v. *Alford*, 31 id., 40 ; *Fitch* v. *Woodruff & Beach Iron Works*, 29 id., 91 ; *Lyon* v. *Alford*, 18 id., 78.

ANDREWS, C. J. The defendant was tried on an indictment charging him with the crime of murder in the second degree, by shooting and killing one Ezekiel C. Turner. At one trial the jury disagreed. At a second trial he was convicted of manslaughter. He has appealed to this court, alleging errors to have been committed during that trial.

The record shows there were three matters respecting which objections were taken. One was to the admission of the dying declaration of the said Turner ; another was the cross-examination of the widow of Turner, and the third was the testimony of one Main. In this court the brief for the accused argues only the two latter objections.

It appears that the defendant and a man named Donahue were together at or near the house of the said Turner, one afternoon between three and four o'clock. That an affray occurred there, during which Turner took his gun from the house and went outside, and that in some way the defendant shot Turner with Turner's own gun, from which shooting Turner died on the next day. The defendant did not claim that the shooting was done in self-defense, but that it was accidental.

The State introduced the dying declaration of the said Turner, which was in writing, taken down from his lips by a

magistrate, and sworn to by Turner. The State called Eunice E. Turner, the widow of the deceased, as a witness, who testified to the occurrence at the house of the deceased preceding and succeeding the shooting. She also testified to his belief that he was about to die, at the time he made the statement to the magistrate. She was not inquired of as to his habits in regard to drink, nor in regard to his mental or physical condition on the day of the shooting. Upon cross-examination she was asked (in respect to her husband) :—

"Q. Was he sober that day? A. He was so far as I see. Q. Had he been drinking? A. Not that I knew of. Q. Did you specify in the trial in New London about this matter? A. Yes, sir, I was there and testified. Q. Do you remember of being asked in New London about whether your husband had been drinking that morning or not? A. You asked me whether he drinked or not; whether the man drinked ; I do not know but you might have asked me whether he drinked that morning or that day, and if he did, I said I didn't know that I knew it.

"Q. Your husband was an habitual drinker, wasn't he? * * * Q. Now I ask you whether he was habitually a drinker? * * * Q. Haven't you testified, or didn't you testify in New London, that your husband drank every day?" These question were objected to by the State's attorney, and were excluded by the court.

In their argument before this court, counsel for the defendant say that these questions were asked for the purpose of showing what condition Turner was in at the time he made the dying declaration. The only objection made to the admission of that declaration in evidence was, "that it was not made by the deceased when under a sense of impending death and when he had no hope of recovery," and these questions were admissible, if at all, as the answers might tend to show whether or not that declaration was made under a sense of impending death. The objection to the dying declaration is entirely removed by the finding of the Superior Court. Hence any ruling upon these questions has become entirely immaterial. Even if they were erroneously ruled

out, this court cannot know that the dying declaration was not properly admitted, upon the testimony of other witnesses than Mrs. Turner.

The attorney for the State claims that these questions were not asked at the trial for any such purpose as is now stated. He says they were asked and claimed as proper cross-examination upon the matter to which Mrs. Turner had testified in chief. The finding seems to support this claim of the attorney. Certainly the finding seems to show that these questions were understood by the witness, were answered by her, and were ruled upon by the court, as though they referred to the time of the shooting, and as to the condition of the deceased with reference to that fact. If counsel for the accused had stated to the trial court their purpose in asking these questions, as they state it here, it is altogether likely that the ruling would have been in their favor. But they did not do so, and we think they cannot now complain. The State presented the case to the jury upon the theory that there had been some sort of an altercation at the time of the shooting, in which the accused and the deceased had been engaged. The State had not asked this witness any thing about the habits of the deceased, or of his mental or physical condition on that day; and the attorney objected to these questions because they were not fairly cross-examination questions. He insisted that if the habits of the deceased in regard to drink, or his condition on that day, were proper matters to be laid before the jury, they were matter of defense, and that as to these facts counsel for the accused must make Mrs. Turner their own witness. We think it was fairly within the discretion of the trial court to require them to take the latter course, if they desired an answer to these questions for the purpose now stated, or for the purpose of showing what degree of credit should be given to the dying declaration, and that there was no error in the ruling.

If these questions were asked solely for the purpose of testing the credibility of the witness, they were clearly within the discretion of the court to allow or disallow.

The State called William O. Main, who testified that he

saw the accused and the man Donahue together on the same afternoon and shortly after the shooting of Turner, and that he saw one of them take a revolver out of his pocket. They were strangers to him and he was unable to state which one it was. Counsel for the accused moved that this testimony be stricken out as not having "anything to do with this matter." The court denied the motion. We think this ruling was correct. The fact testified to by this witness was a circumstance proper to be laid before the jury, in connection with the other facts of the case, for them to pass upon.

There is no error.

In this opinion the other judges concurred.