JAMES MURPHY *vs.* ANTHONY MURPHY.

Second Judicial District, Norwich, October Term, 1901.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A note and mortgage for $600 were claimed by the defendant to have been given by him to the plaintiff to secure an existing indebtedness to the latter of $175, and to cover up the defendant's property, to the extent of the excess, from a possible future attachment. The defendant had no other creditors at the time, nor, so far as appeared, at the time of trial; and the plaintiff, while aware that the excess was fictitious, did not know what the defendant's precise purpose was in the transaction. *Held:—*

1. That upon the facts found the note secured by mortgage might fairly be treated as collateral security for the amount actually due, upon which security, as well as upon the original debt, the plaintiff was entitled to sue.

2. That if the purpose of the defendant were fraudulent, as claimed, the plaintiff, who did not participate in the fraud, could not be deprived thereby of his right to sue upon the note and to recover at least the amount of his debt.

The note contained a promise to pay taxes, but the complaint made no reference to such promise. *Held* that the variance, if any, was immaterial.

The trial court may in its discretion refuse to permit the defendant to go into his own case upon the cross-examination of the plaintiff's witnesses.

Submitted on briefs October 15th—decided November 21st, 1901.

ACTION to recover the amount of a promissory note for $600, brought to the Court of Common Pleas in New London County and tried to the court, *Noyes, J.;* facts found and judgment rendered for the plaintiff for $175 damages, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The complaint alleges that " on October 26th, 1893, the defendant by his note promised to pay to the plaintiff $600 on demand, with interest at five per cent per annum, payable semi-annually, for value received." The material defense set up in the answer alleges that the note was wholly without consideration. The issues were found in favor of the

plaintiff, and judgment was rendered that he recover $239.90; this sum representing a debt of $175 with interest at 5 per cent to date of judgment.

The court found the following material facts: On October 26th, 1893, the defendant was indebted to his brother, the plaintiff, for money loaned, in the sum of $175. On the same day the defendant executed the note in question, for $600, and the mortgage on his real estate to secure the same, in favor of the plaintiff. The defendant caused the mortgage to be recorded, and delivered the note and mortgage to the plaintiff. Shortly before this time the defendant had contracted to build a house for one Jacobs; and if Jacobs should fail to pay him, then the land mortgaged, which constituted all his property, might be needed to satisfy liabilities he might incur in constructing the building. At the time of the mortgage he had in fact no creditors, and, so far as appears, has since satisfied all his obligations. The defendant knew he was indebted to his brother, and fearing that his land might be imperiled, executed the note and mortgage to secure his brother for the debt due him. His purpose in making the note for an amount so largely in excess of the debt actually due his brother, was to cover up his property from any future possible attachment, to the extent of the excess. The plaintiff knew that the note and mortgage included the sum of $425 in excess of the amount actually due him, but it did not appear that he was acquainted with the defendant's precise purpose in so executing them.

The defendant made the following claims of law in respect to the judgment rendered: (1) That the note in suit was without lawful consideration, and that the plaintiff could not recover on the same. (2) That the note having been given by the defendant, with the mortgage deed to secure it, for the purpose of creating a fictitious debt to the plaintiff and to place the defendant's property in the hands of the plaintiff to prevent the defendant's creditors from collecting their debts of him, was illegal and fraudulent in law, and that no recovery whatever could be had by the plaintiff in this suit brought on the note. The court did

not rule as claimed by the defendant, but made the follow-
ing rulings: (1) That so far as the note was evidence of
actual indebtedness, it should be sustained; but that there
was no consideration, and that no recovery could be had, for
the fictitious excess. (2) That judgment should be rendered
for the amount of the actual indebtedness, $175, with in-
terest thereon at five per cent, from said October 26th, 1893.

The appeal assigns error in rendering any judgment for
the plaintiff upon the facts found, and in certain rulings
upon the admission of evidence.

*William H. Shields* and *Edward T. Burke,* for the appellant
(defendant).

*Charles F. Thayer,* for the appellee (plaintiff).

HAMERSLEY, J.   The substance of the defendant's claim
is that the court erred in holding, upon the facts found, that
the plaintiff was entitled to sue upon the note. If any
reasonable inference from these facts will support the action,
the judgment should be sustained. We think the facts
fairly justify treating the note secured by the mortgage as a
collateral security for an existing indebtedness of $175. Such
a security gave the plaintiff not only the right to appropriate
the land pledged for the satisfaction of the principal indebt-
edness, but also the right to whatever advantage there
might be in the ability to sue the defendant upon the note
given as security, as well as upon the principal debt. *In re
Waddell-Entz Co.,* 67 Conn. 324, 334.

If the purpose of the defendant in putting the lien upon
his land was fraudulent, as he now claims, so as to invalidate
the mortgage deed, that fraud, in which the plaintiff did not
participate, does not deprive him of his right to sue upon the
note; and upon such suit he is entitled to recover at least
the amount due upon his principal indebtedness. The de-
fendant cannot complain if the amount recovered was too
small.

Upon the trial the plaintiff offered in evidence the note

upon which suit was brought, and the defendant objected, on the ground of variance between it and the note described in the complaint: the note offered in evidence containing a promise to pay taxes, while the complaint contained no reference to taxes. The court overruled the objection and the defendant duly excepted.

The plaintiff did not seek to recover damages for a failure to pay taxes; the note offered in evidence supported the allegations of the complaint, and the variance between it and the description in the complaint was immaterial. The objection was properly overruled.

The plaintiff testified upon his examination-in-chief that the note was due and held by him. The defendant's counsel upon cross-examination sought to prove by the plaintiff the fact of payment and other matters of defense. The court excluded questions asked for this purpose, on the ground that they related to the defendant's case. The defendant duly excepted to these rulings. Subsequently the plaintiff was called as a witness by the defendant, and was fully inquired of as to the matters referred to.

The order of testimony, and the cross-examination of a plaintiff's witness for the purpose of establishing the defendant's case, are largely within the discretion of a trial court. The defendant was not injured by the exercise of that discretion as stated in the finding.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.