LEWIS T. FINCH *vs.* PHILIP WEINER.

Third Judicial District, New Haven, January Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 22d—decided March 2d, 1929.

*Lewis J. Somers,* for the appellant (plaintiff).

*Cornelius J. Danaher,* with whom, on the brief, was *David R. Woodhouse,* for the appellee (defendant).

HINMAN, J. The plaintiff claimed and offered evidence tending to prove that a collision between a truck owned by the defendant and operated by his employee, one Skinner, and a sedan, owned by one Hoskings, in which the plaintiff was riding as a guest, was caused by negligent operation of the truck, and that the plaintiff was injured thereby. At the beginning of the presentation of evidence by the plaintiff, Skinner was

called as a witness and was inquired of, only, as to whether, at the time of the collision, he was in the employ of the defendant and engaged in his business, and to identify an accident report made by the witness to the State Commissioner of Motor Vehicles. Thereupon counsel for the defendant, notwithstanding objection that it was not admissible cross-examination, was permitted to elicit from the witness his version of the details of the collision and the events preceding and following it, none of which had been touched upon in the direct examination.

After the plaintiff had rested his case, the defendant recalled the same witness who again testified, with greater particularity, to the same matters which he had related in his previous testimony. The plaintiff's objection, that the witness had already, under the guise of cross-examination, been fully examined as to the subject-matter, was overruled.

These rulings are made grounds of appeal. The record indicates that the trial court, in overruling the objection to the proposed line of "cross-examination," regarded the question presented as one of order of proof, only, as to which a liberal discretion is vested in the trial court. The exercise of such discretion ordinarily cannot be reviewed on appeal. *Hurlburt* v. *Bussemey*, 101 Conn. 406, 416, 126 Atl. 273; 6 Jones Commentaries on Evidence (2d Ed.) Chap. 29, p. 4950 *et seq.* However, the purpose of allowing discretionary variations from the logical order of proof relates largely to convenience or accommodation in forwarding the trial, usually to avoid the necessity of detaining or recalling a witness, or some similar consideration, but the discretion must be exercised with due regard to the substantial rights involved and in accord with that which is just and proper under the circumstances. Departure from the regular order should not

be permitted where it will work injustice to either party. 6 Jones Commentaries on Evidence (2d Ed.) § 2511. The practical effect of the ruling complained of tended to give the defendant the distinct advantage of placing before the jury, at the outset of the trial, a version of the circumstances favorable to his contentions, proceeding from a witness called and in a sense vouched for by the plaintiff, and in sharp contradiction to the testimony of other witnesses called by the plaintiff, as to those facts and circumstances. A further natural and probable effect of such a course of procedure would be to create confusion in the minds of the jury and to weaken the effect of the plaintiff's evidence. Considered simply as a matter of order of proof it would seem that the evidence in question might have been admitted at that stage of the case without undue prejudice, only upon the defendant expressly making the witness his own for the purposes of the new line of inquiry, with a clear explanation in the charge of the effect thereof, neither of which conditions occur in the present case. Even with these safeguards the propriety of admitting such testimony, at the inception of the plaintiff's case, would be extremely doubtful. "It was part of the defendant's case, and the time to put that in had not arrived." *Finken* v. *Elm City Brass Co.*, 73 Conn. 423, 427, 47 Atl. 670.

The admission of this evidence also involved a conspicuous transgression of the established and salutary general rule that cross-examination shall be limited to the subject-matter of the direct examination. *Roberts* v. *New York, N. H. & H. R. Co.*, 107 Conn. 681, 690, 142 Atl. 455; *Richmond* v. *Norwich*, 96 Conn. 582, 591, 115 Atl. 11; 5 Jones Commentaries on Evidence (2d Ed.) §§ 2340, 2341, 2342. Particularly where, as here, a witness is called by one party for examination as to some particular or formal point only, the

adversary is not entitled to examine him generally or to draw out facts having no connection with the direct testimony and tending to establish a substantive claim or defense of the cross-examiner, but should be confined to the subject testified to in chief. *Goodno* v. *Hotchkiss*, 88 Conn. 655, 663, 92 Atl. 419; *Finken* v. *Elm City Brass Co., supra.* In this, as in other matters pertaining to control over cross-examination, a considerable latitude of discretion is allowed. *Murphy* v. *Murphy*, 74 Conn. 198, 50 Atl. 394; *State* v. *McGowan*, 66 Conn. 392, 34 Atl. 99. But the so-called cross-examination of Skinner was so completely foreign to the subject-matter of the direct and so palpably prejudicial to the plaintiff that its admission was not within the limits of permissible exercise of the court's discretion and must be regarded as reversible error.

The testimony given by Skinner during the presentation of the defendant's case was objectionable only in being substantially an elaborated repetition of his evidence previously given as cross-examination. Standing by itself it was proper, but considered in connection with his prior testimony it enhanced the tendency of the original error to prejudice the plaintiff through reiteration of and emphasis upon a version of the circumstances which was adverse to his recovery.

A witness who had qualified as an experienced automobile mechanic was asked if he could state, from his examination of the Hoskings car, where it received the impact of the collision with the truck, and replied that he could, but, upon objection, he was not permitted to so state, apparently because, since it was undisputed that the car, after its contact with the truck, collided with a highway fence, the court regarded it impracticable to identify, separately, the physical effect of the first collision. The evidence was admissible, notwithstanding that its weight might be materially affected

if it subsequently developed that reliable identification of the results of the first impact could not be made.

The numerous assignments of error relating to the charge and refusal of requests to charge lack substantial merit. The charge regarding the effect of concurring negligence of the driver of the Hoskings car, if found, upon the plaintiff's right of recovery from the defendant was correct, though brief. The other principles of law involved in the case were adequately stated and, notwithstanding that application thereto of the facts claimed to have been proved was not made to the extent usually found desirable, the charge was, on the whole, sufficient for the guidance of the jury. The record indicates that the requests to charge numbered fifty; most of them were voluminous, and all transgressed the principle, now made a rule of practice, that each request shall contain "a single proposition of law clearly and concisely stated." Practice Book, p. 275, *insert*. Most of them consisted of mere statements of evidence, or of facts claimed to have been proven coupled with a proposed instruction that these facts would constitute negligence as a matter of law, which instruction would have been incorrect if given.

There is error and a new trial is ordered.

In this opinion the other judges concurred.