## MICHELLE MURPHY, CONSERVATOR (ESTATE OF PAUL SYLVAN) *v.* GEORGE WAKELEE
### (AC 15849)

Dupont, C. J., and Schaller and Spear, Js.

Argued June 2—officially released August 26, 1997

*A. Paul Spinella,* for the appellant (plaintiff).

*James E. Coyne,* with whom, on the brief, was *Colleen D. Fries,* for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff appeals from the judgment of the trial court, rendered after a jury trial, in

favor of the defendant. The plaintiff claims that the trial court improperly (1) excluded expert testimony, (2) instructed the jury in two respects, (3) excluded evidence of the intent of the settlor and (4) limited her cross-examination of a witness and granted the defendant's counsel improper latitude during the trial. We affirm the judgment of the trial court.[1]

The following facts are relevant to the resolution of this appeal. On October 7, 1963, Theodore Sylvan created an irrevocable, inter vivos trust referred to as the Ramp Garage Trust (trust). The trust designated Paul Sylvan (Sylvan) as beneficiary. On February 24, 1989, the defendant was appointed conservator of Sylvan's estate.

On July 23, 1987, Sylvan entered the DATAHR facility, a residence for mentally handicapped individuals and applied to the state department of income maintenance (department) for financial assistance under Title XIX-ND Medical Assistance Program. On October 15, 1987, the department resources division denied Sylvan's application for Title XIX-ND benefits claiming that the corpus of the trust was available to pay his medical expenses.

Subsequently, Sylvan timely appealed the department's decision and an administrative hearing was held before a fair hearing officer on January 17, 1989. The fair hearing officer determined that the trust could be used to pay for Sylvan's medical care at DATAHR. Accordingly, the fair hearing officer upheld the department's decision to deny Sylvan Title XIX-ND benefits. No appeal was taken from the fair hearing officer's decision and the corpus of the trust was invaded and fully exhausted to pay for Sylvan's general medical care and support.

---

[1] Because we affirm the judgment, we need not consider the defendant's alternate grounds for affirmance.

On February 24, 1993, the plaintiff, Michelle Murphy, was appointed to replace the defendant as conservator of Sylvan's estate. Thereafter, Murphy filed a complaint against the defendant alleging that the defendant, in his capacity as conservator, was negligent in failing to appeal the hearing officer's decision denying Sylvan Title XIX-ND benefits. A jury trial was held and the jury rendered a verdict in favor of the defendant on all counts in the complaint. This appeal followed.

I

The plaintiff claims first that the trial court improperly excluded expert testimony on the issue concerning whether the defendant was acting as an attorney as well as a conservator.

Additional facts are necessary for the resolution of this claim. On January 19, 1996, during the course of trial, the plaintiff moved to amend her complaint to add a new cause of action alleging that the defendant "George Wakelee, individually in his role as an attorney" negligently failed to advise "George Wakelee, in his capacity as a conservator," with regard to whether he should appeal the department's decision. On January 22, 1996, the trial court granted the plaintiff's request to amend her complaint.

On January 17, 18 and 19, 1996, the plaintiff sought to introduce the testimony of three expert witnesses, Mark Kostecki, Charles Silver and Robert Whitman. In the plaintiff's offers of proof, she asserted that each expert would give an opinion that the defendant did act as an attorney as well as a conservator, and that his actions in not pursuing an appeal fell below the standard of care required for an attorney. The trial court rejected the plaintiff's offers of proof each time she attempted to introduce this expert testimony because, *at the time* the evidence was offered, the plaintiff's complaint did not state a cause of action against the

defendant in his capacity as an attorney. On January 23, 1996, however, after the trial court permitted the plaintiff to amend her complaint to add a cause of action against the defendant in his capacity as an attorney, the trial court allowed the plaintiff to offer the testimony of Silver. Silver, over the objection of the defendant, testified that in his opinion the defendant deviated from the standard of care of attorneys practicing in the state of Connecticut by not pursuing the appeal.

It is well established that "[t]he trial court has wide discretion in ruling on the admissibility of expert testimony and, unless that discretion has been abused or the error is clear and involves a misconception of the law, its ruling will not be disturbed." *State* v. *Palmer*, 196 Conn. 157, 166, 491 A.2d 1075 (1985). After our review of the record, we conclude that the trial court did not abuse its discretion by permitting the expert testimony on the professional malpractice claim after that cause of action became part of the plaintiff's complaint.

II

The plaintiff claims next that the trial court improperly instructed the jury in two respects. First, she claims that the trial court improperly instructed the jury regarding the shifting of the burden of proof in a case involving breach of a fiduciary duty. Second, she claims that the trial court improperly instructed the jury with regard to the nature of the trust in question. We disagree.

It is well established that individual instructions are not to be judged in artificial isolation from the overall charge. *State* v. *Dolphin*, 195 Conn. 444, 451, 488 A.2d 812, cert. denied, 474 U.S. 833, 106 S. Ct. 103, 88 L. Ed. 2d 84 (1985); *State* v. *Reid*, 193 Conn. 646, 660, 480 A.2d 463 (1984); *State* v. *Hines*, 187 Conn. 199, 209, 445 A.2d 314 (1982). The whole charge must be considered from

the standpoint of its effect on the jury in guiding them to a proper verdict; *State* v. *Corchado*, 188 Conn. 653, 660, 453 A.2d 427 (1982); *State* v. *Williams*, 182 Conn. 262, 269, 438 A.2d 80 (1980); *State* v. *Piskorski*, 177 Conn. 677, 746–47, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979); and not critically dissected in a microscopic search for possible error. *Gajewski* v. *Pavelo*, 36 Conn. App. 601, 609, 652 A.2d 509 (1994), aff'd, 236 Conn. 27, 670 A.2d 318 (1996); *State* v. *Harris*, 172 Conn. 223, 226–27, 374 A.2d 203 (1977). In this case, after examining the charge as a whole, we conclude that the trial court properly charged the jury with regard to the plaintiff's claims.[2]

---

[2] With regard to the plaintiff's claim concerning the shifting of the burden of proof in a fiduciary duty case, the trial court properly instructed the jury that "if you find that at least one of the specifications of negligence listed in count [one] . . . has been proven by a preponderance of the evidence and it was a substantial factor or proximate cause of the plaintiff estate's injury, then the burden of persuasion shifts to the defendant. The defendant must then establish his freedom from liability by clear and convincing proof of his fair dealing. And, as I indicated to you, this is a higher standard of proof than a preponderance of the evidence." See *Oakhill Associates* v. *D'Amato*, 228 Conn. 723, 726–27, 638 A.2d 31 (1994).

With regard to the plaintiff's claim concerning the nature of the trust, the trial court properly instructed the jury that "you've . . . heard mention of a spendthrift trust. . . . [I]n this case we are . . . concerned with . . . a determination of whether or not the beneficiary, Paul Sylvan, should have been entitled to Title XIX benefits in view of the existence of the 1963 trust. . . . If that trust was intended to provide for the general support of the beneficiary, Paul Sylvan, as opposed to his supplemental support, the trust funds would be considered available to the beneficiary, Paul Sylvan. And they would be available for the purposes of paying his maintenance and care and under the laws of this state, he would not then be entitled to Title XIX benefits until the 1963 trust property was exhausted. Consequently . . . your consideration should first focus on whether or not this is, in fact, a spendthrift trust. And secondarily, if you find that it is a spendthrift trust, was the intent of the settlor to provide for Paul Sylvan's general support or his supplemental support? If you believe, based upon the wording of the trust itself, that the settlor's intent was to provide for the general support of Paul Sylvan, then the trust funds, including principal and interest, would be available for the DATAHR bills applicable to the care and maintenance of Paul Sylvan and he would not be entitled to the benefits under Title XIX until the trust was exhausted." See *Zeoli* v. *Commissioner of Social Services*, 179 Conn. 83, 425 A.2d 553 (1979).

## III

The plaintiff claims next that the trial court improperly excluded evidence of the intent of the settlor. We disagree.

"[W]e cannot rewrite . . . a trust instrument. The expressed intent must control, although this is to be determined from reading the instrument as a whole in the light of the circumstances surrounding the . . . settlor *when the instrument was executed,* including the condition of his estate, his relations to his family and beneficiaries, and their situation and condition. The construing court will put itself as far as possible in the position of the . . . [settlor], in the effort to construe . . . [any] uncertain language used by him in such a way as shall, conformably to the language, give force and effect to his intention. . . . But [t]he quest is to determine the meaning of what the . . . [settlor] said and not to speculate upon what he meant to say." (Citation omitted; emphasis added; internal quotation marks omitted.) *Connecticut Bank & Trust Co.* v. *Lyman,* 148 Conn. 273, 278–79, 170 A.2d 130 (1961).

At trial, the plaintiff attempted to question the settlor's daughter, Joy Sylvan-Post, about statements the settlor made to her nine years after the trust was executed. The defendant objected on grounds that the statements were irrelevant, that they were inadmissible hearsay, and that the only statements regarding the settlor's intent that would be admissible were ones that were made "when the [trust] instrument was executed . . . ." *Zeoli* v. *Commissioner of Social Services,* 179 Conn. 83, 89, 425 A.2d 553 (1979). The trial court stated that "[t]he court wants evidence of intent at the time the settlor created the trust. . . . I'm ruling that it's inadmissible. . . . [I]f you have another witness that you want to offer who knows what his intent—who can testify as to his intent at the time, you're perfectly free to put that witness on." "The trial court has broad

discretion to determine the relevancy of evidence, and we will not disturb a trial court's ruling on the admissibility of evidence in the absence of a clear abuse of discretion. *State* v. *Holliman*, 214 Conn. 38, 50, 570 A.2d 680 (1990)." *State* v. *Sauris*, 227 Conn. 389, 407, 631 A.2d 289 (1993). We conclude that the trial court properly exercised its discretion in excluding this testimony.

IV

The plaintiff claims finally that the trial court improperly limited the plaintiff's cross-examination of the defendant, granted defense counsel improper latitude in both his direct and cross-examination of several witnesses and permitted the defendant to make prejudicial remarks in both his opening and closing statements. We are not persuaded.

"[I]n . . . matters pertaining to control over cross-examination, a considerable latitude of discretion is allowed. *Murphy* v. *Murphy*, 74 Conn. 198, 50 A. 394 (1901); *State* v. *McGowan*, 66 Conn. 392, 34 Atl. 99 [1895]." *Finch* v. *Weiner*, 109 Conn. 616, 620, 145 A. 31 (1929). Moreover, "[t]he trial court is invested with a large discretion with regard to the arguments of counsel, and while its action is subject to review and control, we can interfere only in those cases where the discretion was clearly exceeded or abused to the manifest injury of some party. *James* v. *Bowen*, 83 Conn. 702, 706, 78 A. 420 [1910]." *Cascella* v. *Jay James Camera Shop, Inc.*, 147 Conn. 337, 342–43, 160 A.2d 899 (1960). After a review of the transcripts and record in this case, we conclude that the trial court did not abuse its discretion in its rulings concerning the scope of the plaintiff's cross-examination of the defendant, nor did it abuse its discretion with regard to the defense counsel's direct and cross-examination of witnesses or the defense counsel's opening and closing arguments.

The judgment is affirmed.

In this opinion the other judges concurred.