[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Albert B. Weiss, Jr., personally and as alternate trustee of the Albert Weiss, Sr., irrevocable trust, and on behalf of Edward W. Weiss, filed a complaint against the defendants, Margaret M. Weiss, personally and as trustee of the Albert Weiss, Sr., irrevocable trust, William J. Weiss, Sr., and Christine Weiss. The complaint alleges a breach of fiduciary responsibility, fraud, fraudulent conversion, bad faith, civil conspiracy, unjust enrichment, collusion, wrongful appropriation of funds and contributory negligence by the defendants. The plaintiff seeks removal of Margaret M. Weiss as trustee of the Albert Weiss, Sr., irrevocable trust (the trust), appointment of Albert B. Weiss, Jr., as interim trustee pending the outcome of this action and the return and redistribution of all personal property belonging to the trust. The plaintiff also requests that the court order a review of all the trust accounts and order the return of the deeds for the cemetery lots located in St. Joseph's, Dayville, Connecticut. The plaintiff also seeks a court order evicting the defendant, Christine Weiss, from the family home, or an order requiring her to pay current market rent, retroactive to the beginning of her tenancy until she vacates. Additionally, the plaintiff requests that the court order the reimbursement by Margaret Weiss, personally, of expenses incurred by the trust related to the occupancy of Christine Weiss in the family home and that the court order that the property shall remain in family hands as an income vehicle for the beneficiaries and future generations. The plaintiff seeks monetary damages in the amount of $15,000 and punitive damages in an amount that the court deems appropriate.
The defendant, Margaret Weiss, filed a motion to dismiss and a memorandum of law on August 6, 2001, contending the court lacks subject matter jurisdiction because the plaintiff, Albert B. Weiss, Jr., lacks standing to bring this suit personally, as an alternate trustee or as a representative for Edward Weiss. The plaintiff filed a brief in support of his standing to sue on August 6, 2001, and memoranda in opposition to the motion to dismiss on August 13, 2001, and September 10, 2001. Margaret Weiss filed a memorandum in reply to the plaintiff's opposition to the motion to dismiss. On August 6, 2001, Kathleen Jackson Weiss, one of the beneficiaries of the trust, filed a motion to be made a party plaintiff in this action. CT Page 532
"A motion to dismiss . . . properly attacks the jurisdiction of the court. . . ." (Internal quotation marks omitted.) Ferreira v. Pringle,255 Conn. 330, 346, 766 A.2d 400 (2001). "The issue of standing implicates this court's subject matter jurisdiction." (Internal quotation marks omitted.) Avalonbay Communities, Inc. v. Orange, 256 Conn. 557,567, 775 A.2d 284 (2001). "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford,247 Conn. 407, 411, 722 A.2d 271 (1999). "It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be acted upon immediately by the court." (Internal quotation marks omitted.) FederalDeposit Ins. Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321
(1996).
Margaret Weiss argues that the plaintiff does not, in an individual or representative capacity, have any legal interest in the matters alleged in counts one through eight. Counts one through eight allege that Margaret Weiss has violated her duties as trustee and her actions have resulted in a depletion of the assets of the trust. Margaret Weiss contends that the plaintiff cannot pursue a claim against her as trustee because the plaintiff is neither a trustee nor a beneficiary of the trust. Margaret Weiss argues that Kathleen Jackson Weiss' attempt to transfer one half of her interest in the trust to the plaintiff is in violation Article VII, Section 1 of the trust, which provides that the beneficiaries are restrained from anticipating, encumbering, alienating or in any other manner assigning his interest in the either principal or income. Accordingly, Margaret Weiss argues that the attempted transfer of Kathleen Jackson Weiss' beneficial interest is invalid and does not clothe the plaintiff with standing to sue. Margaret Weiss further argues that the plaintiff may not bring an action on behalf of Edward Weiss because the plaintiff is neither the administrator nor executor of Edward Weiss' estate. Margaret Weiss asserts that the law is clear that only an executor or an administrator may bring a suit on behalf of the deceased individual.
The plaintiff argues that he is a beneficiary aggrieved by Margaret Weiss' actions in her capacity as trustee because his wife, Kathleen Jackson Weiss, one of the beneficiaries of the trust, is merely a place holder for him. The plaintiff also claims that he has standing by virtue of the fact that his wife conveyed one half of her beneficial interest in the trust to him. The plaintiff claims that his wife has the authority to transfer one half of her interest because she became the owner of her one fourth share of the trust assets upon disposition of the real and CT Page 533 personal property to the beneficiaries. Despite the fact that the plaintiff is not the executor or administrator of the estate of his brother, Edward Weiss, the plaintiff contends that he has the right to act as a representative for his brother because a fiduciary relationship exists between siblings.
"The issue of intent as it relates to the interpretation of a trust instrument . . . is to be determined by examination of the language of the trust instrument itself and not by extrinsic evidence of actual intent." (Internal quotation marks omitted.) Cooley v. Cooley,32 Conn. App. 152, 159, 628 A.2d 608 (1993). The court "cannot rewrite . . . a trust instrument. The expressed intent must control, although this is to be determined from reading the instrument as a whole in the light of the circumstances surrounding the . . . settlor when the instrumentwas executed, including the condition of his estate, his relations to his family and beneficiaries, and their situation and condition. The construing court will put itself as far as possible in the position of the . . . [settlor], in the effort to construe . . . [any] uncertain language used by him in such a way as shall, conformably to the language, give force and effect to his intention. . . . But [t]he quest is to determine the meaning of what the . . . [settlor] said and not to speculate upon what he meant to say." (Emphasis in original; internal quotation marks omitted.) Murphy v. Wakelee, 46 Conn. App. 425, 430,699 A.2d 301 (1997). "In each case, it is the intention expressed by theparticular language employed which must be construed." (Emphasis added.)Connecticut Bank Trust Co. v. Lyman, 148 Conn. 273, 281-82, 170 A.2d 130
(1961).
Article V, Section 1A(a) provides that "[t]he trustee shall distribute the trust in equal shares to my children, JAMES V. WEISS, MARGARET M. WEISS, WILLIAM J. WEISS, and my daughter-in-law, KATHLEEN JACKSON WEISS, outright and free of trust, all right, title and interest of the trust for the real property on which my home is located in Dayville, Connecticut, together with all personal property or liability insurance policies relating to such property." Section 1A(b) provides that "[t]he trustee shall distribute the remainder of the trust property, after compliance with the preceding provision of this Article, in equal shares to my children, JAMES V. WEISS, MARGARET M. WEISS, WILLIAM J. WEISS, EDWARD W. WEISS and my daughter-in-law, KATHLEEN JACKSON WEISS, and the descendants of any deceased beneficiary who shall survive me, per stirpes, excluding, however, my granddaughter, KATHLEEN WEISS, to be theirs absolutely."
Albert Weiss, Sr., identified each of his beneficiaries by name. Although the plaintiff insists that his wife Kathleen Jackson Weiss was his place holder, the trust does not indicate that this was the settlor's CT Page 534 intent. The language in Article V is clear and unambiguous and identifies each of the beneficiaries of the trust by name. In an attempt to show the court that Albert Weiss, Sr., intended for Kathleen Jackson Weiss to be a "place holder" for Albert Weiss, Jr., the plaintiff submitted an affidavit by Nicholas Scola, the attorney responsible for drafting the trust agreement. Scola avers that Albert Weiss, Sr., made Kathleen Jackson Weiss a beneficiary in substitution for Albert Weiss, Jr., due to concerns about the Albert Weiss, Jr.'s, numerous contentious litigation matters in Connecticut and Massachusetts. Scola does not indicate that Kathleen Jackson Weiss was a mere "place holder," rather he states that she was named a beneficiary instead of Albert Weiss, Jr., to protect the trust assets. The court concludes that Albert Weiss, Sr., did not intend to make the plaintiff a beneficiary of the trust. The fact that Kathleen Jackson Weiss was substituted to protect the trust property from any potential claims of litigants in pending cases involving the plaintiff supports the court's conclusion. "A person is not a beneficiary of a trust if the settlor does not manifest an intention to give him a beneficial interest, although he may incidentally benefit from the performance of the trust." 1 Restatement (Second), Trusts § 126 (1959). Albert Weiss, Sr., did not manifest an intention to give the plaintiff a beneficial interest in the trust according to the express terms of the trust agreement. Accordingly, the court concludes that the plaintiff is not a beneficiary of the trust.
According to the express terms of the trust agreement beneficiaries "are hereby restrained from anticipating, encumbering, alienating or in any other manner assigning his or her interest in principal or income, and are without power to do so. . . ." (Albert Weiss, Sr., Trust Indenture, Article VIII, Section 1.) Kathleen Jackson Weiss avers that on August 6, 2001, she conveyed one half of her beneficial interest to the plaintiff to assure his standing in this action. The court concludes that Kathleen Jackson Weiss' attempt to assign one-half of her beneficial interest in the trust property to the plaintiff is invalid because it violates the express terms of the trust.
Only the beneficiaries of the trust, the cotrustees of a trust or a successor trustee have standing to sue for breach of trust by a trustee. "No one other than a beneficiary or one suing on his behalf can maintain a suit against the trustee to enforce the trust." 3 Scott, Trusts (4th Ed.) § 200, p. 209. The law "permits one trustee to bring an action against his cotrustees to compel the latter to perform their duties or enjoin them from committing a breach of trust or to compel them to redress a breach of trust. . . . That principle . . . has as its basis the fiduciary duty owed to the beneficiaries by each trustee. . . ." (Citations omitted.) Belcher v. Conway, 179 Conn. 198, 206, 425 A.2d 1254
(1979). CT Page 535
According to Article IX, Section 1 of the trust agreement, if Margaret Weiss "shall die, resign, be disqualified, or unable or unwilling to act as such, then Albert E. Weiss, Jr., shall succeed as trustee." The plaintiff is not the current trustee because Margaret Weiss is still serving as trustee. "If a trustee commits a breach of trust and is thereafter removed as trustee or otherwise ceases to be trustee and a successor trustee is appointed, the successor trustee can maintain a suit against him to redress the breach of trust." (Emphasis added.) 3 Scott, Trusts (4th Ed.) § 200.2, p. 215. The alternate trustee does not assume the duties of a successor trustee until the current trustee is removed or otherwise ceases to be trustee according to the express terms of the trust. Margaret Weiss is currently trustee; therefore, the court concludes that the plaintiff is not a trustee and does not have standing to bring suit for breach of trust on behalf of the trust beneficiaries. The plaintiff is not a beneficiary, cotrustee or successor trustee; therefore, he lacks standing to bring suit against the trustee Margaret Weiss for breaching the terms of the trust.
The plaintiff also lacks standing to bring suit against William Weiss and Christina Weiss because he has no interest in the trust. The plaintiff alleges that William and Christina Weiss' violated the trust, or assisted Margaret Weiss in violating the trust. The plaintiff cannot maintain an action against these individuals for violations of a trust in which he has no beneficial interest, or a fiduciary duty to protect the trust property for the beneficiaries.
The court also finds that the plaintiff cannot proceed with the suit on behalf of his brother, Edward Weiss. Count nine alleges that Margaret Weiss "exhibited contributory negligence in the death of Edward W. Weiss by providing a lump sum payment from the Trust assets to a person with a history of substance abuse, by negotiating a release from Edward W. Weiss when he was under a doctor's care and under stress." General Statutes § 52-599 (a) provides that "[a] cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator." The plaintiff is not the executor or administrator of Edward Weiss' estate; therefore, the plaintiff does not have the right to sue on behalf of Edward Weiss for alleged negligence which may have contributed to Edward Weiss' death.
The motion to dismiss is granted based on lack of subject matter jurisdiction because the plaintiff does not have standing to sue Margaret Weiss, William Weiss, and Christina Weiss for violations of the Albert Weiss, Sr., Irrevocable Trust. The plaintiff also lacks standing to sue Margaret Weiss for negligence that allegedly contributed to the demise of Edward Weiss. CT Page 536
Kathleen Jackson Weiss filed a motion to be made party plaintiff on the same day that the motion to dismiss was filed. In certain situations a court may rule on the motion to be made party plaintiff prior to the ruling on the motion to dismiss. General Statutes § 52-109 provides that "[w]hen any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff." "Generally, a motion [to dismiss] that raises the [subject matter] jurisdiction of the court must be dealt with prior to other motions seeking to amend the complaint or substitute parties;Figueroa v. C S Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996); however, where substitution is necessary for the determination of the real matter in dispute, the issues of substitution may be addressed under the reasoning that the court should liberally interpret the rules of practice in any case where is shall be manifest that a strict adherence to them would work injustice." (Internal quotation marks omitted.) AllenConstruction, Inc. v. Cabanilla, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 376419 (June 7, 2001, Rush, J.). "A prior ruling on the motion to substitute or amend is especially appropriate in instances where the defect is technical in nature." Id.
"The Connecticut Supreme Court has noted that the outcome of a claimant's attempt to correct an error in naming the rightful party may depend on whether the substitution seeks . . . merely [to] correct a misnomer or defect or whether it seeks to change an entire party. In the former case an amendment will be allowed; in the latter it will not be allowed." Gilligan v. Atlantic Coast Cable, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 323793 (February 5, 1998, Maiocco, J.) (21 Conn.L.Rptr. 351, 353). In the present case, Kathleen Jackson Weiss' motion to be made party plaintiff is to provide a current plaintiff with standing to sue, rather than to correct a mistake, a misnomer or defect in the description of the current plaintiff. Accordingly, the court will not consider the motion to be made a party plaintiff because it was filed subsequent to the motion to dismiss.
Kocay, J.