CONNECTICUT SAVINGS AND LOAN ASSOCIATION
*v.* WILBERT A. MITCHELL ET AL.

LOISELLE, BOGDANSKI, LONGO, BARBER and MACDONALD, Js.

Argued October 17—decision released November 25, 1975

*Mary V. McCarthy,* for the appellants (defendants).

*Jeffrey M. Mines,* for the appellee (plaintiff).

PER CURIAM. This appeal arises out of a construction mortgage foreclosure action brought to the Superior Court. The defendants answered the allegations of the complaint and filed three "special defenses." The trial court found all the issues for the plaintiff and entered a judgment of strict foreclosure. The defendants have appealed to this court from the judgment rendered.

Contrary to our practice, the majority of the errors assigned which are directed to the finding of facts neither claim that facts were found without evidence nor allege that the facts which the defendants seek to add to the finding are admitted or undisputed.[1] Practice Book §§ 622, 628; *Hartford Kosher Caterers, Inc.* v. *Gazda,* 165 Conn. 478, 480 n.1, 338 A.2d 497; *Randolph Construction Co.* v. *Kings East Corporation,* 165 Conn. 269, 271 n.1, 334 A.2d 464.

Furthermore, the assignment of errors presents no rulings on evidence which state in each instance the question, the objection, the answer, if any, and the exception taken, as required. Practice Book §§ 619A (formerly § 648), 652. This precludes our consideration of the assignment of errors pertain-

---

[1] One of the findings of fact properly attacked is supported by the evidence in the appendix to the plaintiff's brief. Another is immaterial and has not been briefed. A third, concerning default of payments, properly constitutes a conclusion and should not have been included with the finding of facts.

ing to the rulings on evidence. *Schurgast* v. *Schumann,* 156 Conn. 471, 481, 242 A.2d 695; *Vachon* v. *Ives,* 150 Conn. 452, 454, 190 A.2d 601.

Finally, the finding is devoid of any claims of law made by the defendants before the trial court, nor do any appear in the draft finding. Claims of law must be raised before the trial court and ruled upon adversely to a defendant's claim if they are to furnish a basis for a successful appeal to this court. Practice Book §§ 223, 652; *Bigionti* v. *Argraves,* 152 Conn. 700, 701, 204 A.2d 408; Maltbie, Conn. App. Proc. § 305.

Since no claims of law appear, this appeal presents no question of law for our consideration. *John Meyer of Norwich, Inc.* v. *Old Colony Transportation Co.,* 164 Conn. 633, 635, 325 A.2d 286; *Krulikowski* v. *Polycast Corporation,* 153 Conn. 661, 668, 220 A.2d 444; *Levine* v. *Randolph Corporation,* 150 Conn. 232, 243, 188 A.2d 59.

There is no error; the case, however, is remanded with direction to render judgment as on file except for such modification as is made necessary by the lapse of time since the date of the original judgment.