THOMAS D. LEE *v.* ELINOR FRANCES LEE

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued October 7—decision released November 8, 1977

*Courtney Shea Hudock,* with whom, on the brief, was *Igor I. Sikorsky,* for the appellant (defendant).
*Robert A. Teitenberg,* for the appellee (plaintiff).

PER CURIAM. This appeal was taken from a judgment rendered by a state referee, Hon. Joseph E. Klau, acting as the court, in favor of the defendant on her cross complaint. The action was instituted by the plaintiff, Thomas D. Lee, seeking a divorce on the grounds of intolerable cruelty. The defendant filed a cross complaint which, as amended, sought a dissolution of the marriage on the grounds of intolerable cruelty, adultery, and desertion. When the case was reached for trial, the parties stipulated that the marriage had broken down irretrievably and that there was no reasonable likelihood of a reconciliation. The plaintiff withdrew his complaint and answer to the cross complaint, reserving the right to contest the issue of alimony, and the trial focused on that issue, there being no children of the marriage.

The judgment recited the marriage, the basis of the jurisdiction of the court and the finding that the marriage had broken down irretrievably. It dissolved the marriage, awarded to the defendant (as plaintiff on the cross complaint) all of the plaintiff's interest in jointly owned real estate in West Hartford, ordered an equal division of a jointly owned savings account and certain shares of stock and directed that the plaintiff pay to the defendant $10,000 as lump sum alimony, payable at the rate of $100 per week, together with counsel fees of $1000. It also authorized the defendant to resume her maiden name.

The basic complaint pressed by the defendant on the appeal is that the court did not award her as much alimony as she believed she deserved and made no award of periodic alimony. In accordance with the provisions of §§ 618 and 619 of the Prac-

tice Book, the court filed a finding of fact consisting of thirty-six numbered paragraphs which amply supported its conclusions, which are recited in twelve numbered paragraphs. On her appeal, the defendant filed an assignment of errors in two parts, the first consisting of five claims that "[t]he referee erred when he found" certain facts and the second that he erred when he failed to find certain other facts and precluded the defendant from completely establishing her needs and expenses and failed to allow adequate cross-examination of the plaintiff's witnesses. In complete disregard of the specific requirements of our rules of practice that errors in a finding shall be addressed to designated paragraphs of the finding in substantial accordance with Forms 605 and 606 (Practice Book §§ 622, 628 and 628A), the defendant's assignments of error make no reference to designated paragraphs of the finding. Contrary to our practice, the errors assigned and directed to the finding of facts neither claim that the facts recited in designated paragraphs of the finding were found without evidence nor allege that facts which the defendant seeks to add to the finding were admitted or undisputed. See Practice Book §§ 622, 628; *Connecticut Savings & Loan Assn.* v. *Mitchell,* 169 Conn. 636, 637, 363 A.2d 1027. Also, the finding is devoid of any claims of law made by the defendant before the trial court nor do any appear in the draft finding. Claims of law must be raised before the trial court and ruled upon adversely to a defendant's claim if they are to furnish a basis for a successful appeal to this court. Practice Book §§ 223, 652; *Connecticut Savings & Loan Assn.* v. *Mitchell,* supra.

On the record before us, we cannot conclude that the trial court abused its discretion in attempting

to limit the testimony to relevant and nonrepetitive testimony and in its determination of the amount of alimony awarded to the defendant. *deCossy* v. *deCossy,* 172 Conn. 202, 205, 374 A.2d 182; *Aguire* v. *Aguire,* 171 Conn. 312, 370 A.2d 948.

There is no error.