DAVID R. FLEWELLYN ET AL. *v.* DOUGLAS E. HEMPSTEAD ET AL.
(AC 17707)

O'Connell, C. J., and Schaller and Hennessy, Js.

Argued October 29—officially released December 23, 1997

*Thomas J. Cullen*, for the appellant (plaintiff Christine O. Lee).

*Louis S. Ciccarello*, with whom was *Brock T. Dubin*, for the appellee (named defendant et al.).

*M. Jeffry Spahr*, deputy corporation counsel, for the appellee (defendant Mary O. Keegan).

*Opinion*

O'CONNELL, C. J. This appeal involves an internecine dispute between two groups within the Independent Party of Norwalk (party). The principal issue is whether one of the plaintiffs, Christine O. Lee, or one of the defendants, Philip A. Miano, was the properly nominated party candidate for commissioner in Norwalk's third taxing district in the November 4, 1997 election. The plaintiffs sought an injunction invalidating Miano's nomination and an order of mandamus directing the town clerk to place the name of Lee, the incumbent, on the ballot. The trial court rendered judgment in favor of the defendants and the plaintiff Lee appealed.[1] We affirm the trial court's judgment.

The following facts are necessary for the disposition of this appeal. For decades, the party had operated under an open caucus system, whereby candidates for municipal office were nominated by vote of the entire party membership. On March 24, 1997, the party amended its bylaws and adopted instead a town committee system of selecting candidates.

At the party's September 9, 1997 meeting, the defendants, acting under the new town committee system, endorsed a slate of candidates, including Miano as candidate for the third taxing district commissioner. Immediately thereafter, other discontented party members held an impromptu meeting protesting the validity of the town committee system and, claiming to act under the open caucus rule, nominated Lee for the third taxing district commissioner. The matter then came to the trial court with each side seeking the injunctions and writs of mandamus required for the listing of their candidate on the ballot.

---

[1] Although at trial several party members were joined as plaintiffs, Lee is the only plaintiff who appealed. We refer in this opinion to Lee as the plaintiff.

The dispositive issue on appeal is whether the party bylaws were properly amended to adopt the town committee nomination system. If the amendment was proper, then the town committee system was the lawful nominating method and Miano's nomination would prevail. If the amendment was improper, then the former caucus system was still in effect and Lee would be the party's candidate.

In its review, the trial court properly noted the judiciary's narrowly circumscribed role in political disputes. "Political parties generally are free to conduct their internal affairs free from judicial supervision. . . . This common law principle of judicial restraint, rooted in the constitutionally protected right of free association, serves the public interest by allowing the political processes to operate without undue interference. . . . Because the nomination and endorsement of candidates for elective office are among the primary functions of political parties, [j]udicial intervention in [the selection of candidates] traditionally has been approached with great caution and restraint." (Citations omitted; internal quotation marks omitted.) *Nielsen* v. *Kezer*, 232 Conn. 65, 78–79, 652 A.2d 1013 (1995).

In determining that the present action is properly before us, we rely on *Nielsen,* in which our Supreme Court reviewed a strikingly similar intraparty dispute between two senatorial candidates. The *Nielsen* court held that the decision-making autonomy of a political party does not implicate "the core constitutional principle underlying the political question doctrine, namely, the separation of powers. . . . On the contrary, the controversy raises issues of . . . statutory interpretation of the kind regularly entertained by courts." Id., 75–76. Consequently, it is appropriate for this court to hear the merits of the parties' claims.

The trial court found that article nine of the party bylaws, in effect prior to the disputed amendment, provided that "[t]hese By-Laws may be amended at any *regular meeting* of the Independent Party by a two-thirds vote of the members present, provided that the proposed amendment has been presented at least one regular meeting previous to being acted upon, and the members had been notified of the meeting at which the amendment to the By-Laws would be proposed and acted on." (Emphasis added.) The trial court found that the party bylaws were properly amended in accordance with article nine.

In its memorandum of decision, the trial court stated that "[t]he evidence shows that, since January of 1996, the committee and other party members were openly considering a proposal to change the party's method of endorsing a candidate from an 'open caucus' system to a 'town committee' system. A subcommittee was formed to analyze the effect of such a radical change. Further, legal counsel was consulted regarding the legalities of such a change. The proposal was discussed and debated at *regularly scheduled meetings* which occurred in January, 1997, and February, 1997. Finally, at the *regularly scheduled meeting* in March, 1997 those party members in attendance at the meeting voted unanimously to adopt the 'town committee' system of endorsing a candidate." (Emphasis added.)

The plaintiff argues that the prior bylaws, by their terms, could be amended only at a *regular* meeting of the party and that regular meetings were required to be held on the third Monday of each month. According to the plaintiff, because neither February 24, 1997, the date on which notice was given of the proposed amendment, nor March 24, 1997, the date of the actual amendment, was the third Monday of the month, a fortiori, the bylaws were not legally amended and, therefore, the town committee nominating method was not proper.

This court may reverse or modify a trial court decision only if "the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record" or if the decision is otherwise erroneous in law. Practice Book § 4061. It is well settled that "[t]he factfinding function is vested in the trial court with its unique opportunity to view the evidence . . . . A factual finding may be rejected . . . only if it is 'clearly erroneous.' " (Citations omitted.) *Kaplan* v. *Kaplan*, 186 Conn. 387, 391–92, 441 A.2d 629 (1982). "In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action." *E. M. Loew's Enterprises, Inc.* v. *Surabian*, 146 Conn. 608, 612, 153 A.2d 463 (1959).

The plaintiff's argument, that there was no evidence before the trial court to support its finding that the bylaws were amended at a regular party meeting, or that notice of said meeting was adequate, is flawed. In fact, the opposite is true. The trial transcript reveals that every witness and all counsel repeatedly referred to all of the amending procedures as having taken place at *regular* meetings. Moreover, the record reveals, and it is undisputed, that the March 24, 1997 amendments were discussed and debated during the regularly scheduled meetings held in January and February, 1997.

On appeal, the plaintiff's counsel concedes that everyone before the trial court referred only to *regular* meetings. In fact, it was only after the trial court rendered judgment and counsel was seeking grounds for appeal that he came upon the theory that because the meetings were not held on the third Monday of a month, they may not be considered regular meetings and, thus, might be void. He admits that this claim was not raised before the trial court and, therefore, the trial court did not have an opportunity to rule on it.

It is axiomatic that the trial court can be expected to rule only on those matters that are put before it. See *Lee* v. *Lee*, 174 Conn. 5, 7, 381 A.2d 529 (1977). With only a few exceptions, not relevant here, we will not decide an appeal on an issue that was not raised before the trial court. See *State* v. *Golding*, 213 Conn. 233, 239, 567 A.2d 823 (1989). "To review claims articulated for the first time on appeal and not raised before the trial court would be nothing more than a trial by ambuscade of the trial judge." *Baker* v. *Cordisco*, 37 Conn. App. 515, 522, 657 A.2d 230, cert. denied, 234 Conn. 907, 659 A.2d 1207 (1995).

Although a trial court may take judicial notice of the coincidence of the days of the week with the days of the month; *Farnham* v. *Lewis*, 83 Conn. 134, 135, 75 A. 625 (1910); the trial court here was not asked to do so and had no reason to do so, sua sponte. It was entitled to rely on the undisputed evidence and representations of counsel that the pertinent actions were taken at regular meetings and that earlier discussion of such actions constituted proper notice in accordance with the bylaws in effect at the time. We cannot act as a fact finder to determine matters not put before the trial court.

Consequently, we conclude that the evidence before the trial court supported its decision that the bylaws had been properly amended at a regular meeting, and that adequate notice of that meeting was provided to all party members. Thus, the defendant Miano was the party's lawfully endorsed candidate for commissioner of the third taxing district in Norwalk.

The judgment is affirmed.

In this opinion the other judges concurred.