STATE OF CONNECTICUT *v.* JEFFREY GIBSON
(AC 18591)

O'Connell, C. J., and Mihalakos and Daly, Js.

Argued September 27—officially released December 21, 1999

*Glenn W. Falk,* special public defender, for the appellant (defendant).

*Ellen A. Jawitz,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's

attorney, and *John Waddock*, senior assistant state's attorney, for the appellee (state).

*Opinion*

MIHALAKOS, J. The defendant, Jeffrey Gibson, appeals from the judgment of conviction, rendered after a jury trial, of murder in violation of General Statutes § 53a-54a (a)[1] and carrying a pistol or revolver without a permit in violation of General Statutes § 29-35.[2] The defendant claims that the trial court improperly (1) permitted the state to cross-examine a witness beyond the scope of direct examination, (2) permitted the state to call the same witness as its own witness in the middle of the defendant's presentation of evidence, (3) permitted the interjection of consciousness of guilt evidence, which had not been presented during the state's case-in-chief, and (4) charged the jury with an unduly prejudicial instruction on consciousness of guilt. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On September 25, 1995, at approximately 9:20 p.m., John Goad, an officer with the New Haven police department, responded to gunshots he heard coming from the vicinity of Rossette and DeWitt Streets. As he approached the area, he found the victim, Andre Barnes, lying in the middle of the street, bleeding from his forehead and chest. An eyewitness saw the defendant shoot the victim and fire the initial shot. This was corroborated by forensic evidence found at the scene. The victim died as a result of his injuries.

---

[1] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person . . . ."

[2] General Statutes § 29-35 (a) provides in relevant part: "No person shall carry any pistol or revolver upon his person, except when such person is within his dwelling house or place of business, without a permit to carry the same . . . ."

After the shooting, the defendant went to his sister's house, subsequently threw the gun into a river and took a bus to South Carolina, where he remained until November, 1995. On November 15, 1995, the police located the defendant in West Haven and took him into custody. After waiving his *Miranda*[3] rights, the defendant gave a statement to the police that he shot the victim but that he acted in self-defense. He claimed further that the victim had fired the first shot. At trial, the defendant's testimony was consistent with the statement he had given to the police.

Prior to the defendant's testimony, he called Stacy Thomas to testify that she had seen the victim and another man pistol whip the defendant earlier in September, 1995. Although the trial court refused to allow the state to question Thomas on cross-examination whether she had talked to the defendant on the night of the shooting, the state was allowed, for the convenience of the witness, to call Thomas as its own rebuttal witness after it completed its cross-examination of her. Thomas then testified that the defendant had told her that he was at the movies at the time of the shooting, a statement that he later admitted was a lie.

I

The defendant's first claim is that the trial court abused its discretion in permitting the state, on cross-examination, to question Thomas beyond the scope of direct examination. We disagree.

Review of the record indicates that the trial court sustained the defendant's objection to the proffered testimony on cross-examination. The testimony, to which the defendant's further objection was overruled, was admitted on direct examination when Thomas was subsequently called as a rebuttal witness by the state.

[3] *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Consequently, the defendant's claim of improper cross-examination is without merit.

## II

The defendant next claims that the trial court improperly permitted the state to call Thomas as its own witness in the middle of the defendant's presentation of evidence. He relies on *Finch* v. *Weiner*, 109 Conn. 616, 145 A. 31 (1929), conceding, however, that the trial court has considerable discretion over the order of proceedings. "[T]he discretion must be exercised with due regard to the substantial rights involved and in accord with that which is just and proper under the circumstances. Departure from the regular order should not be permitted where it will work injustice to either party. 6 Jones Commentaries on Evidence (2d Ed.) § 2511." *Finch* v. *Weiner*, supra, 618–19.

The defendant's reliance on *Finch* is misplaced. In *Finch*, the claim on appeal involved the questioning of a witness on cross-examination that was beyond the scope of direct examination. The departure in *Finch*, which caused the reversal, was the ability to examine another party's witness on issues that were not raised on direct examination. Our Supreme Court held that this was prejudicial and reversed the trial court. Id., 620. In the present case, however, there has been no showing of prejudice, since the state recalled the witness as its own and was, therefore, permitted to examine her directly. "Obviously the more prudent and better procedure is for the court to determine in the absence of the jury questions as to the admissibility of evidence if for no other reason than that such a procedure obviates any risk that the jury may hear evidence which the court ultimately determines to be inadmissible. See *Pinto* v. *Pierce*, 389 U.S. 31, 32, 88 S. Ct. 192, 19 L. Ed. 2d 31 [1967]." *State* v. *Panella*, 168 Conn. 532, 540, 362 A.2d 953 (1975). The trial court properly allowed the

state to call Thomas as its own witness in the middle of the defense's presentation of evidence.

## III

The defendant's third claim is also rejected by this court. The defendant claims that it was improper for the trial court to permit the interjection of consciousness of guilt evidence because it had not been addressed previously by the state during its case-in-chief. Again, the defendant's reliance on *Finch* v. *Weiner*, supra, 109 Conn. 619, is misplaced. Here, the examination of the witness as to consciousness of guilt was permitted only when the witness was presented as the state's witness, and the trial court properly instructed the jury. Thomas was presented as a rebuttal witness even though the defendant had not, as yet, testified. The court has discretion to admit, in rebuttal, evidence that might have been properly offered in the state's case-in-chief. See Practice Book § 42-35 (3).[4] Our Supreme Court has stated that if the trial court were to allow a party to introduce evidence in rebuttal that was more properly presented in the case-in-chief, the opposing party would have the right to meet it. *State* v. *Buonomo*, 88 Conn. 177, 183, 90 A. 225 (1914).

The defendant testified after Thomas and, therefore, had an opportunity to rebut Thomas' testimony. The admission of rebuttal testimony is ordinarily within the sound discretion of the trial court. See *State* v. *Canty*, 223 Conn. 703, 715–16, 613 A.2d 1287 (1992). "The trial court has wide discretion in determining the order of proof." *State* v. *Menzies*, 26 Conn. App. 674, 692, 603 A.2d 419, cert. denied, 221 Conn. 924, 608 A.2d 690

---

[4] Practice Book § 42-35 (3) provides: "The prosecuting authority and the defendant may present rebuttal evidence in successive rebuttals, as required. The judicial authority for cause may permit a party to present evidence not of a rebuttal nature, and if the prosecuting authority is permitted to present further evidence in chief, the defendant may respond with further evidence in chief."

(1992). Every reasonable presumption will be given in favor of upholding the court's ruling when ascertaining whether the ruling amounted to an abuse of discretion. The court had just cause to permit Thomas' testimony since the defendant had not yet testified and would be given the opportunity to address Thomas' testimony.

## IV

The defendant's final claim is that the trial court improperly charged the jury by unfairly marshaling the evidence and giving a prejudicial instruction on consciousness of guilt, which deprived the defendant of a fair trial.

We first address the defendant's unfair marshaling of evidence claim. "A trial court has broad discretion to comment on the evidence adduced in a criminal trial. . . . A trial court often has not only the right, but also the duty to comment on the evidence." (Internal quotation marks omitted.) *State* v. *Adams*, 52 Conn. App. 643, 648, 727 A.2d 780 (1999); see *State* v. *Hernandez*, 218 Conn. 458, 461–62, 590 A.2d 112 (1991). "The purpose of marshalling the evidence, a more elaborate manner of judicial commentary, is to provide a fair summary of the evidence, and nothing more; to attain that purpose, the [trial] judge must show strict impartiality. . . . To avoid the danger of improper influence on the jury, a recitation of the evidence should not be so drawn as to direct the attention of the jury too prominently to the facts in the testimony on one side of the case, while sinking out of view, or passing lightly over, portions of the testimony on the other side, which deserve equal attention." (Internal quotation marks omitted.) *State* v. *Adams*, supra, 648.

We conclude that the trial court's instructions in this case as to this claim were not so egregious as to have deprived the defendant of a constitutional right to a fair trial. We therefore conclude that the trial court

did not improperly marshal the evidence and abuse its discretion in a way that was prejudicially unfair to the defendant.

The defendant claims further that the trial court gave a prejudicial instruction of consciousness of guilt. Because this claim was not raised before the trial court, we must determine whether the defendant can prevail under the four-prong test articulated in *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[5] See *State* v. *Daniels*, 248 Conn. 64, 79, 726 A.2d 520 (1999). In *Golding*, the first two prongs consider whether the defendant's claim is reviewable, the last two prongs address the merits of the claim. Id.; *State* v. *Beltran*, 246 Conn. 268, 275, 717 A.2d 168 (1998); *State* v. *Askew*, 55 Conn. App. 34, 38, 739 A.2d 274 (1999). "In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." *State* v. *Golding*, supra, 240.

We conclude that the defendant's claim fails the second prong of *Golding*. "It has . . . been stated numerous times that consciousness of guilt issues are not constitutional and, therefore, are not subject to review under the *Evans-Golding* standard. See *State* v. *Robinson*, 227 Conn. 711, 732, 631 A.2d 288 (1993); *State* v. *Merritt*, 36 Conn. App. 76, 96, 647 A.2d 1021 (1994), appeal dismissed, 233 Conn. 302, 659 A.2d 706 (1995)." *State* v. *Snead*, 41 Conn. App. 584, 591, 677 A.2d 446 (1996). It is well settled that "the trial court can be

[5] Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

expected to rule only on those matters that are put before it. See *Lee* v. *Lee*, 174 Conn. 5, 7, 381 A.2d 529 (1977). With only a few exceptions . . . we will not decide an appeal on an issue that was not raised before the trial court. See *State* v. *Golding*, [supra, 213 Conn. 239]. To review claims articulated for the first time on appeal and not raised before the trial court would be nothing more than a trial by ambuscade of the trial judge. *Baker* v. *Cordisco*, 37 Conn. App. 515, 522, 657 A.2d 230, cert. denied, 234 Conn. 907, 659 A.2d 1207 (1995)." (Internal quotation marks omitted.) *Mack* v. *LaValley*, 55 Conn. App. 150, 157, 738 A.2d 718, cert. denied, 251 Conn. 928, 742 A.2d 363 (1999); *Flewellyn* v. *Hempstead*, 47 Conn. App. 348, 353, 703 A.2d 1177 (1997). We, therefore, decline to review this unpreserved claim.

The judgment is affirmed.

In this opinion the other judges concurred.