## STATE OF CONNECTICUT *v.* MATTHEW MARKEVEYS
### (AC 17795)

Foti, Lavery and Daly, Js.

Argued December 3, 1999—officially released February 22, 2000

*Theresa M. Dalton*, senior assistant public defender, for the appellant (defendant).

*Eileen McCarthy Geel*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Anne Mahoney*, assistant state's attorney, for the appellee (state).

*Opinion*

LAVERY, J. The defendant, Matthew Markeveys, appeals from the judgment of conviction, rendered after a jury trial, of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1) and risk of injury to a child in violation of General Statutes (Rev. to 1995) § 53-21, as amended by Public Acts 1995, No. 95-142, claiming that the trial court improperly (1) admitted testimony as an admission by the defendant and (2) instructed the jury on the concept of reasonable doubt. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On the evening of December 20, 1995, the defendant, accompanied by Robert LeBlond, drove his motor vehicle adjacent to the victim while she was walking home and asked her to join them for a ride. The victim, age fifteen at the time, had known LeBlond since sixth grade and recognized the defendant only by sight. She agreed to join them for a ride.

Soon thereafter, the victim asked the defendant to take her home because her 9:30 p.m. curfew was approaching. The defendant drove toward her house, then suddenly turned on a dead-end road and parked his vehicle on top of a large hill. The defendant started to "roll a joint," and the victim again asked to be taken home.

After ten minutes, the defendant started the vehicle and instead of driving the victim home, drove to another deserted area and stopped. The victim asked several times to be taken home. Although the area was plowed and his vehicle had four-wheel drive, the defendant told the victim that the vehicle was stuck in the snow and that they would have to sleep there for the night. The defendant eventually started to drive toward the victim's house, but soon after swerved off the road into a ditch. The defendant declined various offers of assis-

tance and told the victim that they really would have to stay out all night. The vehicle was towed from the ditch by 3:45 a.m.

The defendant dropped off LeBlond and then took the victim, not to her house, but to where the defendant was living. The victim went into a bedroom and turned on a television. The defendant followed the victim into the bedroom and closed the door behind him. He got into bed with the victim and attempted to pull down her pants. She pushed him off and pulled her pants up, saying, "No, no, no." The defendant pulled her pants off again and performed vaginal intercourse and cunnilingus on the victim. The victim fell asleep for a brief time, and the defendant had intercourse with her again when she awoke. The victim eventually returned home and was taken to the Terryville police station to report the crime. During a voluntary discussion with the police, the defendant at first denied all of the victim's allegations, then admitted having had sex with her and touching intimate areas of her body. The defendant was arrested on February 13, 1996. Additional facts will be discussed where relevant to the issues of this appeal.

I

The defendant first contends that the testimony of Milagros Pinero Russell, who overheard statements made by the defendant, was improperly admitted. We disagree.

"The standard to be used to review a trial court's decision on the relevance and admissibility of evidence is abuse of discretion." *State* v. *Lindstrom*, 46 Conn. App. 810, 818, 702 A.2d 410, cert. denied, 243 Conn. 947, 704 A.2d 802 (1997). "The trial court has wide discretion to determine the relevancy of evidence and the scope of cross-examination. Every reasonable presumption should be made in favor of the correctness of the court's ruling in determining whether there has been an abuse

of discretion." (Internal quotation marks omitted.) *State* v. *Bova*, 240 Conn. 210, 219, 690 A.2d 1370 (1997). Erroneously admitted evidence is not grounds for reversal if the reviewing court "cannot conclude . . . that the jury's perceptions of the other evidence presented in this case . . . were so affected by the improperly admitted testimony . . . that it is likely that the result of the trial would have been different in the absence of [that evidence]." (Internal quotation marks omitted.) *State* v. *Ledbetter*, 41 Conn. App. 391, 400, 676 A.2d 409 (1996), aff'd, 240 Conn. 317, 692 A.2d 713 (1997).

Russell testified as to what she overheard the defendant say while they were sitting in a waiting room at the probation office in Bristol in February, 1996. Russell testified, "I heard a conversation. One of the kids told the other kid that he was being accused of raping a girl and that 'the bitch wanted it,' and they started laughing." Russell identified the defendant as the speaker. The defendant argues that Russell's statements do not qualify under the party admission exception to the hearsay rule because there was an insufficient nexus established between the comment made and the crime at issue.

An out-of-court statement used to prove the truth of the matter asserted is hearsay and thus is inadmissible. *State* v. *Stepney*, 191 Conn. 233, 249, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772 (1984). "The words and acts of a party-opponent are generally admissible against him [or her] under the admission exception." (Internal quotation marks omitted.) *Willow Funding Co., L.P.* v. *Grencom Associates*, 246 Conn. 615, 620, 717 A.2d 1211 (1998); *O'Brien* v. *John Hancock Mutual Life Ins. Co.*, 143 Conn. 25, 30, 119 A.2d 329 (1955). "Under the admissions of a party opponent exception to the hearsay rule, evidence must be offered against the party that made the admission." *Martins* v. *Connecticut Light & Power Co.*, 35 Conn.

App. 212, 228, 645 A.2d 557, cert. denied, 231 Conn. 915, 648 A.2d 154 (1994).

The defendant speculates that he could have been referring to a prior accusation of rape[1] or that he was commenting on the victim's mere desire for sex when he stated that "the bitch wanted it." The defendant argues that this speculation somehow renders Russell's testimony inadmissible. The defendant's argument holds no merit.

An admission of a party opponent need only traverse the low hurdles of relevancy and materiality to survive an objection to its admission into evidence. *State* v. *Woodson*, 227 Conn. 1, 15, 629 A.2d 386 (1993). Such an admission is admissible even if it is conclusory or not based on personal knowledge. *Willow Funding Co., L.P.* v. *Grencom Associates*, supra, 246 Conn. 620. The admission need not even be wholly reliable or trustworthy. *In re Jessica B.*, 50 Conn. App. 554, 571–72, 718 A.2d 997 (1998).

Russell's testimony was relevant and material because the jury reasonably could have inferred that it manifested the defendant's admission of sexual intercourse with the fifteen year old victim and his derogatory attitude toward her. It is reasonable to conclude that the jury would find these statements probative because they tended to show an element of the crime—that the defendant had intercourse with the victim. See General Statutes § 53a-71 (a) (1). Other inferences that the jury reasonably could have drawn from Russell's testimony go to the weight of the testimony, not its admissibility. *Dreier* v. *Upjohn Co.*, 196 Conn. 242, 249, 492 A.2d 164 (1985). In light of these facts, we conclude

[1] The state filed a motion in limine, asking the court's permission to introduce evidence of a prior sexual assault in 1995. This alleged victim never formally accused the defendant of a crime. Ultimately, none of this evidence came before the jury.

that the trial court did not abuse its discretion in admitting Russell's testimony under the admission of a party opponent exception to the hearsay rule.

## II

The defendant claims also that the court misled the jury on the law of reasonable doubt. We disagree. Since the defendant did not preserve this issue at trial, review is limited to the precepts articulated in *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[2]

The instructions that the defendant challenges are not constitutional error and merit little discussion. The defendant first questions the court's comment that reasonable doubt "is a doubt for which a valid reason can be assigned by you. . . . It is a doubt for which you in your own mind can conscientiously give a reason." Very similar language has been approved by our Supreme Court in *State* v. *Lewis*, 245 Conn. 779, 815–17, 717 A.2d 1140 (1998), and *State* v. *Kelley*, 229 Conn. 557, 567, 643 A.2d 854 (1994). Accordingly, we need go no further.

The defendant next challenges the court's statement that reasonable doubt is a "real doubt; it's an honest doubt," and attacks the definition of reasonable doubt as "the kind of doubt which in the serious affairs of your life you would pay heed and attention to." Citing *State* v. *Hines*, 243 Conn. 796, 709 A.2d 522 (1998), *State* v. *Kelley*, supra, 229 Conn. 557, and *State* v. *Smith*, 210

---

[2] "Under *Golding*, a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original; internal quotation marks omitted.) *State* v. *Gibson*, 56 Conn. App. 154, 160 n.5, 742 A.2d 397 (1999).

Conn. 132, 554 A.2d 713 (1989), the defendant concedes in his brief that challenges to the same and similar language have been rejected by the Supreme Court. Despite this weighty authority that the defendant states is against him, he asks us to ignore this precedent and to hold that these instructions are impermissible. "It is not, however, within our province to overrule or discard the decisions of our Supreme Court." *State* v. *Vas*, 44 Conn. App. 70, 78, 687 A.2d 1295, cert. denied, 240 Conn. 910, 689 A.2d 474 (1997). Accordingly, we are bound to follow them and do not condemn those settled jury instructions regarding the concept of reasonable doubt.

The judgment is affirmed.

In this opinion the other judges concurred.