STATE OF CONNECTICUT *v.* VAUGHN LEE REED
(AC 19294)

Lavery, C. J., and Schaller and Dupont, Js.

Submitted on briefs November 2—officially released December 12, 2000

*Mary Anne Royle*, special public defender, filed a brief for the appellant (defendant).

*James E. Thomas*, state's attorney, and *Christopher T. Godialis* and *Thomas J. O'Brien*, assistant state's attorneys, filed a brief for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Vaughn Lee Reed, appeals from the judgment of conviction, rendered after a jury trial, of prostitution in violation of General Stat-

---

utes § 53a-82 (a). On appeal, the defendant claims that the court improperly charged the jury on the presumption of innocence and reasonable doubt. We affirm the judgment of the trial court.

With regard to the presumption of innocence, the defendant claims that the court improperly charged that "the law is made to protect society and persons whose guilt has not been proven beyond a reasonable doubt, and not to protect persons proven guilty beyond a reasonable doubt." The defendant failed to object to the challenged instruction at trial and now seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[1] We will review this claim because the record is adequate and the claim of instructional error regarding the burden of proof and presumption of innocence is constitutional in nature. See *State* v. *Legrande*, 60 Conn. App. 408, 423 n.12, 759 A.2d 1027 (2000).

In *State* v. *Legrande*, supra, 60 Conn. App. 423–24, we upheld the court's charge to the jury that " 'the law is made to protect society and persons whose guilt has not been established beyond a reasonable doubt and not to protect those whose guilt has been so established.' " We concluded in *Legrande* that the defendant was not deprived of a fair trial by the challenged language. We conclude, on the basis of the foregoing, that the defendant in this case was not deprived of a fair trial as a result of the court's charge on the presumption of innocence. See id., 424; see also *State* v. *Mukhtaar*,

---

[1] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

253 Conn. 280, 308–11, 750 A.2d 1059 (2000); *State* v. *Watson*, 251 Conn. 220, 225–28, 740 A.2d 832 (1999).

With regard to reasonable doubt, the defendant claims that the court improperly charged that a reasonable doubt is "a real doubt, an honest doubt." The defendant did not object to the challenged language at trial and now seeks review under *State* v. *Golding*, supra, 213 Conn. 239–40. Although the record is adequate for review of the defendant's claimed constitutional violation, he cannot prevail because he has not demonstrated that the challenged portion of the court's charge was constitutionally improper.

Our Supreme Court has upheld the use of the same instructional language that a reasonable doubt is " 'a real doubt, an honest doubt.' " *State* v. *Hines*, 243 Conn. 796, 816–20, 709 A.2d 522 (1998). "It is not . . . within our province to overrule or discard the decisions of our Supreme Court." (Internal quotation marks omitted.) *State* v. *Markeveys*, 56 Conn. App. 716, 722, 745 A.2d 212, cert. denied, 252 Conn. 953, 749 A.2d 1203 (2000).

The judgment is affirmed.