STATE OF CONNECTICUT *v.* FREDDY RAMIREZ
(AC 19107)

Lavery, C. J., and Landau and Schaller, Js.

---

[11] See footnote 6.

[12] See footnote 6.

[13] See footnote 6.

Argued October 23, 2000—officially released February 20, 2001

*Deborah G. Stevenson*, special public defender, for the appellant (defendant).

*Ronald G. Weller*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's

attorney, and *David P. Gold*, former assistant state's attorney, for the appellee (state).

*Opinion*

LAVERY, C. J. The defendant, Freddy Ramirez, appeals from the judgment of conviction, rendered after a jury trial, of one count of assault in the first degree in violation of General Statutes § 53a-59 (a) (1),[1] one count of assault of a peace officer in violation of General Statutes § 53a-167c (a) (1)[2] and one count of assault in the second degree in violation of General Statutes §§ 53a-8 and 53a-60 (a) (2).[3] The court sentenced the defendant to ten years imprisonment, suspended after seven years, and three years probation. The defendant claims that the court improperly (1) denied his motion for a judgment of acquittal, (2) marshaled the evidence and (3) gave a prejudicial instruction on whether the victim was reasonably identifiable as a police officer. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On January 19, 1997, the victim, Jay Falcioni, an

---

[1] General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

[2] General Statutes § 53a-167c (a) provides in relevant part: "A person is guilty of assault of a peace officer . . . when, with intent to prevent a reasonably identifiable peace officer . . . from performing his or her duties, and while such peace officer . . . is acting in the performance of his or her duties, (1) such person causes physical injury to such peace officer . . . ."

[3] General Statutes § 53a-8 (a) provides: "A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

General Statutes § 53a-60 (a) provides in relevant part: "A person is guilty of assault in the second degree when . . . (2) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument other than by means of the discharge of a firearm . . . ."

off-duty police officer, was assaulted in the men's room at Toad's Place, a nightclub in New Haven. At approximately 2 a.m., Falcioni walked into the men's room with his friend, Ronald Slowik, and witnessed an altercation between three Hispanic males and a white male. The defendant was one of the participants in the altercation. Falcioni stepped between the men and told them to break up the fight.[4] The defendant swore at Falcioni and effectively told him to stay out of it. Falcioni kept his hands up and remained standing between the men involved in the altercation. The defendant then punched Falcioni in the throat.

At that point, Falcioni addressed the defendant directly and orally identified himself as a police officer. Neither Falcioni nor the other witness could remember the precise words that he used. Nevertheless, the defendant and the two other men backed away from the victim. The situation appeared to have been settled, and Falcioni turned his back to use a urinal. When Falcioni turned, the defendant struck him in the back of the head, and Falcioni fell to the floor. The defendant then repeatedly kicked Falcioni in the face. Falcioni did not see his assailant leave. An ambulance took Falcioni to a hospital, and his injuries included head lacerations, a chipped tooth, a fractured eye socket and two fractures to his cheekbone. The subsequent investigation by the New Haven police department identified the defendant as the assailant. On the basis of that investigation, the police arrested the defendant.

I

The defendant first claims that the court improperly denied his motion for a judgment of acquittal at the close of the state's case-in-chief as to the sufficiency of the evidence on the charge of assault of a peace

---

[4] Falcioni testified that he intervened on the basis of his obligation as a police officer to take action because he was observing a felonious assault.

officer. In particular, the defendant argues that the state offered insufficient evidence that Falcioni reasonably identified himself as a police officer before the assault occurred and that he was acting within the scope of his duty as a police officer at the time of the assault. We are persuaded that the evidence was legally sufficient to support the jury's verdict and, therefore, we reject the defendant's claim.

"In reviewing a sufficiency of the evidence claim, we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Henry*, 253 Conn. 354, 366, 752 A.2d 40 (2000).

A person is guilty of the crime of assault of a peace officer when "with intent to prevent a reasonably identifiable peace officer . . . from performing his . . . duties, and while such peace officer . . . is acting in the performance of his . . . duties . . . (1) [he] causes physical injury to such peace officer . . . ." General Statutes § 53a-167c (a) (1). Our Supreme Court has held that, under § 53a-167c (a) (1), the state must prove that the victim of the assault is a "reasonably identifiable peace officer." (Internal quotation marks omitted.) *State* v. *Woolcock*, 201 Conn. 605, 630, 518 A.2d 1377 (1986). Moreover, "[i]t is fundamental that guilt in a criminal case must be proved beyond a reasonable doubt on each essential element of the crime charged." Id.

Here, it is uncontested that Falcioni was not wearing a uniform or displaying a badge when he was assaulted. He was off duty and socializing with his friends at a

nightclub. In addition, there was no evidence that the defendant had ever seen Falcioni wearing a police uniform or displaying a badge. There was, however, evidence that Falcioni orally identified himself as a police officer. Although he could not remember his exact words, Falcioni testified that he identified himself to the defendant as a police officer. In addition, Slowik, who was "a step" away from the incident, heard Falcioni tell the defendant that he "was a police officer and to leave before there was any trouble." Moreover, Slowik also testified that after Falcioni said that he was a police officer, the defendant said that "everything was cool," and the situation seemed to be under control.

Against that background, the defendant asserts that the evidence was insufficient to find him guilty beyond a reasonable doubt because the state failed to prove beyond a reasonable doubt that Falcioni was a reasonably identifiable police officer. We disagree. A reasonable jury could have determined from the evidence presented and the inferences reasonably drawn therefrom that the defendant was guilty beyond a reasonable doubt of assault of a peace officer.

The defendant argues that the "reasonably identifiable" element of the statute requires the application of a subjective standard. The defendant maintains that the court used a test that is both subjective and objective based on the defendant's perspective.

First, it is well established that the statute "intends that the conduct which it prohibits be judged from the vantage point of the criminal actor. In other words, was the person the actor is charged with assaulting 'reasonably identifiable' as a peace officer to the actor? The standard is . . . objective but it is also subjective. Not to predicate criminal liability on the 'reasonably identifiable' element on the knowledge of the actor defies not only common sense but also frustrates the

statutory purpose of proscribing assaults on 'reasonably identifiable' peace officers. The statute is intended to protect peace officers in the performance of their duty. It not only protects peace officers, who to the eye and ear of the person involved present themselves with the garb and indicia of their status as peace officers, but also peace officers whom the actor either knows in fact or should reasonably know to be peace officers. It would be a bizarre conclusion, thwarting the legislative intent, to say that an assault upon a peace officer whom the actor actually knew was a peace officer was not an assault on a 'reasonably identifiable' peace officer simply because the officer did not physically appear and conduct himself as a police officer." Id., 631. The evidence presented that the defendant had actual knowledge that Falcioni was a police officer would satisfy the "reasonably identifiable" element if the jury credited that evidence.

Furthermore, in the present case, although Falcioni was not in uniform and did not display a badge, he was, nevertheless, performing his statutory obligation as a police officer. "[A] police officer has the duty to enforce the laws and to preserve the peace. . . . Although from time to time a police officer may have a duty to make an arrest, his duties are not coextensive with his power to arrest. . . . The test is whether the [police officer] is acting within that compass or is engaging in a personal frolic of his own." (Citations omitted; internal quotation marks omitted.) *State* v. *Privitera*, 1 Conn. App. 709, 722, 476 A.2d 605 (1984). Here, Falcioni witnessed a fight and successfully stopped the fight. Under the circumstances of this case, there was sufficient evidence for the jury to find that he was acting within the scope of his duty as a police officer.

We conclude that a reasonable jury could have determined from the evidence presented and the inferences reasonably drawn therefrom that the defendant was

guilty beyond a reasonable doubt of assault of a peace officer.

## II

We next turn to the defendant's claim that the court improperly marshaled the evidence. We conclude that the court's instructions to the jury did not deprive the defendant of his constitutional right to a fair trial.

In addressing the defendant's claim that the court unfairly marshaled the evidence, we note that "[a] trial court has broad discretion to comment on the evidence adduced in a criminal trial. . . . A trial court often has not only the right, but also the duty to comment on the evidence." (Internal quotation marks omitted.) *State* v. *Gibson*, 56 Conn. App. 154, 159, 742 A.2d 397 (1999). "The purpose of marshalling the evidence, a more elaborate manner of judicial commentary, is to provide a fair summary of the evidence, and nothing more; to attain that purpose, the [trial] judge must show strict impartiality. . . . To avoid the danger of improper influence on the jury, a recitation of the evidence should not be so drawn as to direct the attention of the jury too prominently to the facts in the testimony on one side of the case, while sinking out of view, or passing lightly over, portions of the testimony on the other side, which deserve equal attention." (Internal quotation marks omitted.) *State* v. *Adams*, 52 Conn. App. 643, 648, 727 A.2d 780 (1999), aff'd, 252 Conn. 752, 748 A.2d 872 (2000).

Here, the defendant challenges only the court's charge to the jury on the crime of assault of a peace officer and limits his claim to one of unfair marshaling of the evidence. " 'The function of the court in a criminal trial is to conduct a fair and impartial proceeding.' . . . The trial court may, at its discretion, call the attention of the jury to the evidence, or lack of evidence, bearing upon any point in issue and may comment upon the

weight of the evidence so long as it does not direct or advise the jury how to decide the matter." (Citation omitted.) *State* v. *Tatum*, 219 Conn. 721, 736, 595 A.2d 322 (1991). In the present case, the court referred the jury to evidence that both the defendant and the state presented. Although the court made only limited references to either the defendant's evidence or the state's evidence, it referred to the defendant's expert witness on toxicology, medical records introduced into evidence by the defendant and to a defense witness. In addition, the court explicitly explained to the jury that its references to evidence were intended merely to clarify or illustrate some particular point.[5] We conclude that the court's references were evenhanded and did not direct the jury to accept either party's view of the evidence. Therefore, the court did not abuse its discretion, and the evidence was not improperly marshaled.

### III

The defendant's final claim is that the court improperly gave a prejudicial instruction to the jury on whether the victim was reasonably identifiable as a police officer. We disagree.

"In reviewing a challenge to the trial court's instructions, [this court] must consider the jury charge as a whole to determine whether it is reasonably possible that the instruction misled the jury." (Internal quotation marks omitted.) *State* v. *Woods*, 250 Conn. 807, 818,

---

[5] The court instructed the jury in relevant part as follows: "If I should refer to any evidence and not refer to some—I have referred to some, it is only for a point of clarification or law or point of illustration or to refresh your recollection as to the general nature of the testimony. You are not to understand that I intend to emphasize any evidence I mention or limit your consideration to it. If I do not mention certain evidence, and I assure you I will not mention most of the evidence, you will supply the evidence that I do not mention from your own recollection. If I should incorrectly state any evidence when I refer to it, you will correct my error because it is your province to review the evidence and determine what facts are established by the evidence."

740 A.2d 371 (1999). In determining whether a court's charge satisfies constitutional requirements, however, "individual jury instructions should not be judged in artificial isolation, but must be viewed in the context of the overall charge. . . . The pertinent test is whether the charge, read in its entirety, fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . Thus, [t]he whole charge must be considered from the standpoint of its effect on the [jurors] in guiding them to the proper verdict . . . and not critically dissected in a microscopic search for possible error. . . . Accordingly . . . we must consider the jury charge as a whole to determine whether it is reasonably possible that the instruction misled the jury." (Internal quotation marks omitted.) *State* v. *Griffin*, 253 Conn. 195, 206, 749 A.2d 1192 (2000).

Our review of the entire charge satisfies us that it adequately alerted the jury to the fact that it was for the jury to determine whether the victim "communicated in some reasonable way that he was a police officer to this defendant . . . ." Furthermore, an examination of the entire charge reveals that it accurately reflected the elements of the offense of assault of a peace officer.[6]

---

[6] The court's instructions to the jury in relevant part were as follows: "In order to find the defendant guilty of [the] offense [of assault of a peace officer], one of the elements the state must prove is that [the victim] was a reasonably identifiable peace officer or police officer. By reasonably identifiable the law does not mean that an officer must be in uniform or that he must have displayed a badge or used specific words or conduct to advise others of his status as a police officer. In other words, this law not only protects police officers who through the eye of the person involved present themselves with a badge and other indications of their status as police officers, but also police officers whom the actor, which refers to [the defendant], the actor either knows or in fact should reasonably know to be a police officer. Please note that the law refers to a reasonably identifiable police officer. It is not a defense to the charge that the person who assaults an officer was not absolutely certain that the other party in fact was an officer. You must determine whether the defendant knew or should reasonably have known [that the victim] was a police officer. In making this

Indeed, our Supreme Court has held that instructions virtually identical to the ones here were legally accurate. See *State* v. *Woolcock*, supra, 201 Conn. 628–32. The court instructed the jury that it could find that Falcioni was reasonably identifiable as a police officer if it found that he had communicated to the defendant in some reasonable way that he was a police officer. Thus, the court left to the jury the question of whether Falcioni reasonably identified himself to the defendant as a police officer.

"The pertinent test is whether the charge, read in its entirety, fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law." (Internal quotation marks omitted.) *State* v. *Figueroa*, 235 Conn. 145, 170, 665 A.2d 63 (1995). We therefore conclude that it is not reasonably possible that when viewed as a whole, the court's instructions on the law of assault of a peace officer could have misled the jury.

The judgment is affirmed.

In this opinion the other judges concurred.

---

decision, you should look not only at [the victim's] words and conduct, but also at the way that the defendant acted at and around the time [the victim] claims to have identified himself as an officer. If [the victim] at any time orally identified himself as a police officer to the defendant, then you may find that [the victim] was reasonably identified. That [the victim] could have used other means to identify himself as a police officer to the defendant does not necessarily mean that [the victim] failed to reasonably identify himself to the defendant. As long as you find that [the victim] communicated in some reasonable way that he was a police officer to this defendant, then under the law, [the victim] was, at the time, a reasonably identifiable police officer. In the final analysis, it is for you to determine whether [the victim] reasonably identified himself to the defendant as a police officer based on all the circumstances that you heard during that portion of the case and during that evidence."